IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO GARZA,

                 Petitioner,

      vs.

TOM CAREY,

                 Respondent.

Case No. CV F-01-5534 JKS

O R D E R

        Antonio Garza was convicted of smuggling heroin into a California state prison where he was an inmate. Garza had four prior felony convictions and thus received a sentence of twenty-five years to life, plus additional consecutive one year sentences as a result of his prior convictions. He appealed his conviction and at the same time appealed from the denial of a state habeas corpus proceeding. Garza has thus exhausted his state remedies and properly presented this action to the Court for resolution under 28 U.S.C. § 2254.

        The California Court of Appeal set out the facts in detail and it is not necessary to repeat them here. Section 2254 provides the standards to be followed in resolving the issues presented. *See, e.g., Lockyer v. Andrade*, 538 U.S. 63 (2003) (discussing the Antiterrorism and Effective Death Penalty Act and the standards to be employed in applying it to habeas petitions from state court); *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005) (en banc) (discussing the appropriate standards). In this case the Court of Appeal concluded that no error occurred, but if one did it was harmless beyond any reasonable doubt. Garza was found in possession of a number of balloons containing heroin. He testified and admitted that he had secreted the balloons in his rectum, that he was experienced in concealing smuggled merchandise, and was prepared to smuggle heroin if

1

Dockets.Justia.com

adequately compensated.  He then told a story the Court of Appeal found to be unbelievable.

Namely that he was given the balloons by a rival gang member who misrepresented that the

balloons contained money and offered Garza two balloons each containing $50 in payment for

smuggling the "money" past the guards and into the prison yard.  Garza testified that he checked the

balloons and confirmed that money, not drugs, were contained within them.  Under the

circumstances, the Court of Appeal did not unreasonably apply the decisions of the United States

Supreme Court governing harmless error analysis in reaching its conclusions.  *See, e.g., Campbell*,

408 F.3d at 1171–73.  The Court of Appeal's reasonable conclusion that any instructional error and

any ineffective assistance of counsel were harmless disposes of those two issues.

Garza complains of prosecutorial misconduct.  The Court of Appeal found any error in the

prosecutor's cross-examination of Garza harmless as well.  This appears to be true.  In any event,

there was no error.  Garza, whose whole defense was based upon a discussion of the operations of

gangs within the prison and his ability to distinguish money in a balloon from heroin in a balloon,

was properly cross-examined about his experience with gangs and drugs.

Garza also complains of leg restraints, but it appears that the Court of Appeal is correct that

Garza, through counsel, agreed to leg restraints.  Concerns about shackling prisoners relate to the

fear that the jury will automatically conclude that the person is dangerous and deserves to be in

prison.  Here, the jury knew that Garza was already in prison serving a term.  In the absence of any

evidence that any juror actually saw the shackles and drew an adverse inference against Garza, there

is no reason to question the agreement defense counsel made on Garza's behalf.

Two issues require slightly more attention.  First, Garza argues that he was denied a

*Marsden* hearing at which his complaints against his attorney could have been voiced.  *See, e.g.,*

*People v. Marsden*, 465 P.2d 44 (Cal. 1970); *People v. Dickey*, 111 P.3d 921 (Cal. 2005).  It appears

that California law is the same as federal law on the rules governing the right to substitute appointed

counsel mid-trial.  *See, e.g., Schell v. Witek*, 218 F.3d 1017, 1023–25 (9th Cir. 2000) (en banc).  The

Court of Appeal concluded that Garza never specifically asked to substitute counsel, a requirement

under California law to seek review of the denial of a *Marsden* hearing, nor did he point to anything

in the record showing that there had in fact been a breakdown in communications so severe that

ORDER

counsel in effect abandoned Garza.  It is instructive that Garza claims ineffective assistance in his habeas petition, but does not claim a breakdown in communication.  It appears that Garza and defense counsel were communicating, but were arguing over whether Garza should testify and what witnesses should be called.  The colloquy with the court made it clear that Garza had the right to decide whether he would testify and he chose to do so.  The record also makes it clear that the court addressed Garza and counsel and confirmed that matters of trial tactics and strategy were left to the appointed attorney and that this included what witnesses to call.  These rulings are in conformity with federal law.  *See Schell,* 218 F.3d at 1026–27, n.8 (quoting *Brookhart v. Janis*, 384 U.S. 1, 8 (1966) (discussing the respective roles of defendant and counsel in determining trial strategy)).

Finally, during his examination of the correctional officer who interviewed Garza after giving him *Miranda* warnings, defense counsel elicited testimony that Garza had invoked his *Miranda* rights but thereafter in casual conversation admitted that he had used a woman to smuggle dope into the institution.  Defense counsel initially objected out of the presence of the jury at a sidebar and a motion to strike was granted directing the jury to disregard the testimony.  The sidebar was not recorded, so the basis for the court's ruling was found by the Court of Appeal to be obscure.  Inexplicably, defense counsel returned to the issue with the witness and again elicited testimony about an alleged admission.  It appears that defense counsel was attempting to show that the witness was so biased that he would lie about Garza's involvement.  No further motion to strike was made and no specific objection based upon *Miranda* was ever interposed.  It is troublesome that the jury specifically asked and was granted permission to rehear this exchange.  If this were a circumstantial evidence case this Court would hold a hearing to determine whether a motion to suppress should have been brought pre-trial on *Miranda* grounds and, if the alleged admission regarding possession of the heroin was found to be in violation of *Miranda,* whether a protective order against any mention of it secured.  Failure to seek suppression and a protective order may well have been constitutionally ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  However, this is not a circumstantial evidence case.  There was overwhelming direct evidence of Garza's knowing possession of smuggled heroin.  The Court will therefore assume for purposes of the record that *Miranda* was violated, and that Garza established the first prong of the

ORDER

*Strickland* test and proceed directly to the second prong—prejudice.  When we evaluate prejudice it is clear that the Court of Appeal was not unreasonably applying the harmless error standard.  Garza was caught with the goods and his exculpatory statement viewed in light of his testimony was incredible.  No reasonable juror would have failed to convict.  Consideration of the alleged admission would not have led to a different verdict.

**IT IS THEREFORE ORDERED:**

The petition for post conviction relief pursuant to 28 U.S.C. § 2254 is **DENIED**.  The Court is of the view that a certificate of appealability should be addressed now, rather than after Garza's petition and the issues it presents fade from memory.  The standard for granting a certificate of appealability has been stated as follows: "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court will grant a certificate of appealability on two issues: (1) Whether the trial court erred in its treatment of the *Marsden* issue and as a result prejudiced Garza, and (2) whether trial counsel provided ineffective assistance of counsel in connection with the *Miranda* issue.  In all other respects the court will deny a certificate of appealability.  *See* 28 U.S.C. § 2253.  Garza may seek a certificate of appealability on the other issues directly from the Ninth Circuit Court of Appeals motions panel.

Dated at Anchorage, Alaska, this  3  day of August 2005.

/s/ James K. Singleton
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER